IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

KEDARIUS KENTRELL JEFFERSON, §
    Petitioner, §
           §
VS.            §  Civil Action No. 4:21-CV-119-P
           §
BILL WAYBOURN, Sheriff,   §
Tarrant County, Texas,     §
    Respondent.     §

## **OPINION AND ORDER**

Before the Court is a petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner, Kedarius Kentrell Jefferson, a state pretrial detainee confined in the Tarrant County, against Bill Waybourn, sheriff of Tarrant County, Texas, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for failure to exhaust state-court remedies.

## **I. BACKGROUND**

Petitioner is confined in Tarrant County, Texas, awaiting trial in Case No. 1638405D for aggravated robbery and adjudication his guilt in Case No. 1465463D for engaging in organized crime. Resp't's Resp. Exs. 1–2, 9–10, ECF No. 6. Petitioner has been continuously confined since April 1, 2020, with bail set at $75,000 and $30,000, respectively. *See* TARRANT COUNTY INMATE SEARCH, https://inmatesearch. tarrantcounty.com (last visited May 14, 2021). Counsel has been appointed for him in both cases. Resp't's Resp. Exs. 9–10, ECF No. 6.

In this petition, Petitioner asserts that his bail is excessive, unreasonable, and

oppressive. Pet. 2–3 , ECF No. 1. Respondent has filed a response to the petition asserting that the Court lacks subject matter jurisdiction over the petition because Petitioner has failed to exhaust his state-court remedies as to his claim. Resp't's Resp. 1, ECF No. 6.

## II. DISCUSSION

A state pretrial detainee may raise constitutional claims in a federal habeas-corpus proceeding under § 2241 by satisfying two requirements. First, he must be in custody. *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). It is undisputed that Petitioner is "in custody" for purposes of § 2241.

Second, he must have exhausted his available state remedies. *See Dickerson*, 816 F.2d at 224. State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claim(s) to the state courts by any currently available and adequate procedure. *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973). Typically, in order to exhaust, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated. *See Deters v. Collins,* 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). In Texas, this requires that the claim(s) be presented in a procedurally correct manner to the Texas Court of Criminal Appeals by way of either a petition for discretionary review, either from conviction itself or, as here, from the disposition of a pre-conviction application for writ of habeas corpus, or post-conviction writ of habeas corpus. *See Deters*, 985 F.2d at 795; *Procunier,* 762 F.2d at 432; *see also Sones v. Hargett,* 61 F.3d 410, 415 (5th Cir. 1995) (exhaustion of state remedies may be

accomplished either directly or collaterally). A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. Absent such circumstances, a pretrial detainee may not adjudicate the merits of a constitutional claim before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489. "Derailing of pending state proceedings by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Id.* at 493.

Petitioner has not fairly presented the substance of his federal claim to the Texas Court of Criminal Appeals by way of a properly filed pre-conviction application for writ of habeas corpus. Instead, he filed a pro se motion to reduce his bail and several letters in the trial court requesting a reduction, one or more of which were sent to the state and his court-appointed attorney. Resp't's Resp. Exs. 4–5, 8–10, ECF No. 6. However, there is no right under state or federal law to hybrid representation. *See United States v. Mikolajczyk,* 137 F.3d 237, 246 (5th Cir. 1998) (providing defendant has right to represent himself, or to receive competent representation from an attorney, but not both). Under these circumstances, the trial court is not required to rule on Petitioner's pro se motion or act on his letters.

Based on the record before the Court, it is clear that the state's highest court has not yet been afforded a fair opportunity to consider and rule on the merits of Petitioner's claim. Consequently, absent "exceptional circumstances," such showing not having been demonstrated by Petitioner, federal-court interference in the normal functioning of the state's criminal processes at this juncture is unwarranted. Therefore, this Court should, and will,

3

abstain from considering Petitioner's claim out of deference to the state courts.

In summary, Petitioner has not satisfied the exhaustion requirement or shown that he should be excused from the exhaustion requirement by demonstrating exceptional circumstances warranting federal intrusion at this time. Petitioner must first pursue his available state-court remedies through completion before seeking relief under § 2241. Accordingly, dismissal of this petition for failure to exhaust state remedies is appropriate.

### III. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED** without prejudice for failure to exhaust state-court remedies. Further, for the reasons discussed, a certificate of appealability is denied.

**SO ORDERED** on this 14th day of May, 2021.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE